IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER A. ANDERSON,

       Plaintiff,                           OPINION AND ORDER

       v.                                  14-cv-831-wmc

ROCK COUNTY JAIL MEDICAL STAFF, *et al.*,

       Defendants.

State inmate Christopher A. Anderson filed this civil action under 42 U.S.C. § 1983, challenging the conditions of his confinement at the Rock County Jail.  Having been granted leave to proceed *in forma pauperis* and paid an initial, partial filing fee as required by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1), the court must also screen Anderson's complaint under the PLRA, and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A. In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).   Considering the complaint under this lenient standard, the court will grant Anderson's request for leave to proceed on a denial of medical care claim for the reasons set forth below.

FACTS[1]

Plaintiff Anderson is presently incarcerated by the Wisconsin Department of Corrections at the Oakhill Correctional Institution.   The incident that forms the basis of Anderson's complaint, however, occurred while he was still in custody of the Rock County Sheriff's Department at the Rock County Jail.

From November 26 through December 6, 2012, Anderson was treated at Rogers Memorial Hospital in Oconomowoc for "suicidal ideations."   In the hospital, Anderson was prescribed psychiatric medication -- specifically, Seroquel and Prazosin to treat anxiety and nightmares.   After his mood stabilized, Anderson was discharged from the hospital into police custody to face charges of possessing child pornography.

On January 11, 2013, while confined in the Rock County Jail, Anderson ran out of his prescription medication.   After he began having nightmares and paranoid thoughts, Anderson put in a request to talk to a member of the Rock County Jail "psychological services" staff named "Mike."   Anderson then spoke to unidentified nurses multiple times, but "they" refused to refill his prescriptions.   Instead, he was given a prescription for Vistaril.

On February 1, 2013, Anderson suffered a "massive panic attack," which included visual hallucinations and suicidal ideation.   Anderson, who was too disoriented and lightheaded to walk, was then escorted in a wheelchair by two John Doe deputies to the medical department and placed on "suicide watch."   From February 2 through February 5,

---

[1] For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.

Anderson was evaluated every day by "Rock County Crisis."   On February 5, a Jane Doe physician at the Jail took him off Vistaril and put him back on Seroquel and Prazosin. Anderson remained on suicide watch until February 10.

Anderson contends that the Dr. Jane Doe and/or unidentified Jane or John Doe nurses are responsible for refusing to (1) treat his mental health needs appropriately or (2) refill his prescriptions for Seroquel and Prazosin in January 2013, both of which Anderson alleges led to his massive panic attack on February 1.   Anderson seeks compensatory and punitive damages from Rock County Medical staff and others for each of these violations of his constitutional rights.[2]

## OPINION

Anderson's proposed federal complaint arises under either the Fourth, Eighth or Fourteenth Amendment of the United States Constitution.   The Eighth Amendment governs convicted prisoners, whereas the Fourteenth Amendment governs denial of medical care claims of pretrial detainees who have been before a judge on a probable cause hearing.   *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003).   This distinction is immaterial, however, because the same standard applies to medical care claims under both

---

[2] Anderson also seeks injunctive relief from an unidentified policy allegedly in place at the Rock County Jail. Because he is no longer in custody at the Rock County Jail, his request for leave to proceed with a claim for injunctive relief must be denied as moot.   *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

the Eighth Amendment and Fourteenth Amendment.   *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013).   Under that standard, the relevant question is whether an official was aware of a substantial risk of a serious harm, but consciously refused to take reasonable measures to prevent the harm.   *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Assuming Anderson had not been convicted at the time of the incident, it is not clear from the allegations in the complaint whether the alleged denial of medical treatment occurred before or after a probable cause hearing.   This distinction *may* be material, at least for now, because the "Fourth Amendment governs the period of confinement between an arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause."   *Lopez v. City of Chi.*, 464 F.3d 711, 719 (7th Cir. 2006).[3]   "The Fourth Amendment requires only proof that the defendants' conduct was objectively unreasonable under the circumstances."   *Id.* at 718.

On the other hand, as described above, a prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical or mental health care needs, thereby constituting an "unnecessary and wanton infliction of pain."   *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).[4]

---

[3] "At least for now" because the Supreme Court's recent decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), holding that the Fourth Amendment standard applies to excessive force claims brought by pre-trial detainees, may have implications between the excessive force context.   The court will leave that issue for another day.

[4] The Eighth Amendment applies to both the medical *and* mental health needs of prisoners.   *See,*

4

Because the court finds that Anderson has stated a claim under the more stringent Eighth and Fourteenth Amendment standard, the court will review his claims under that standard, and leave for another day, whether the more lenient Fourth Amendment objectively unreasonable standard should apply.

Under the Eighth Amendment, a "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person." *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). To establish deliberate indifference under the Eighth Amendment standard, the prisoner must demonstrate that the defendants:   (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; and (2) actually drew an inference that such potential for harm existed.   *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

In this case, Anderson alleges that he was prescribed Seroquel and Prazosin to treat a serious mental health need, but that Dr. Jane Doe or other, as yet unidentified staff members in the Rock County Jail Medical department refused to refill his prescriptions when they ran out in January 2013.   Anderson's allegations are certainly sufficient to state an objectively serious medical or mental health condition.   Anderson also alleges that he communicated his need for adequate medication to unidentified John or Jane Doe nurses and to Dr. Jane Doe at the Rock County Jail.   For purposes of screening a *pro se* complaint, these allegations permit an inference that these unidentified defendants were aware of, and

*e.g.*, *Rice ex. Rel. Rice v. Correctional Medical Servs.*, 675 F.3d 650, 665 (7th Cir. 2012); *Belbachir v. County of McHenry*, 726 F.3d 975, 980 (7th Cir. 2013).

acted with deliberate indifference to, Anderson's serious medical need. Accordingly, Anderson's allegations are sufficient to state an Eighth Amendment claim against Dr. Jane Doe and the Doe nurses who treated him at the Jail.

While Anderson's allegations pass muster under the court's lower standard for screening, to ultimately be successful, he will have to present *admissible* evidence permitting a reasonable trier of fact to conclude that defendants acted with deliberate indifference to his serious medical need, which is a high standard. Inadvertent error, negligence or even gross negligence are all insufficient grounds to invoke the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). In particular, it will be Anderson's burden to prove: (1) his condition constituted a serious medical need; and (2) perhaps even more daunting, that the defendants knew his condition was serious, caused associated pain and suffering, could be relieved by prescription medication and deliberately ignored his need for this medication. Both elements may well require Anderson to provide credible, expert testimony from a physician in the face of medical evidence to the contrary.

To proceed with his claims, Anderson must also identify Dr. Jane Doe and the Doe nurses who treated him in January 2013. The court notes that Anderson has provided medical records from Rogers Memorial Hospital and from Genesis Counseling Services in Janesville, where he was treated before his arrest on child pornography charges and placement in the Rock County Jail. Within sixty days of the date of this order, Anderson must identify Dr. Jane Doe and the Doe nurses who treated him in January 2013 and provide their names in a supplement to the complaint. Anderson may wish to contact the Rock County Jail for a copy of his medical records for the time in question for the purpose

6

of identifying these defendants by name.   No further action will be taken in this case until

Anderson identifies Dr. Jane Doe and the Doe nurses.


ORDER

IT IS ORDERED that:

1. Plaintiff Christopher A. Anderson's request for leave to proceed on a claim for denial of medical care in violation of the United States Constitution against Dr. Jane Doe and Doe nurses who treated him in January 2013 is GRANTED.   Leave to proceed with any other claim is DENIED.

2. To proceed further, plaintiff must file a supplement to the complaint, identifying Dr. Jane Doe and the Doe nurse defendants on or before **February 15, 2016**.   This case is stayed and no further action will be taken in this case until Anderson identifies Dr. Jane Doe and the Doe nurses.

3. **If plaintiff fails to submit a supplement to the complaint timely and as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 15th day of December, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7