IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER A. ANDERSON,

       Plaintiff,

       v.

DR. BUTLER, *et al.*

       Defendants.

OPINION and ORDER

14-cv-831-wmc

---

In this *pro se* civil rights lawsuit, plaintiff Christopher A. Anderson is proceeding on claims that a doctor and several nurses at the Rock County Jail violated his constitutional and common law rights by refusing to fill prescriptions necessary to treat his mental health conditions. Defendants have moved for summary judgment on the ground that all of Anderson's claims must be dismissed for failure to exhaust jail administrative remedies before filing suit. (Dkt. #33.) Because the parties' submissions reflect genuine factual disputes material to defendants' exhaustion defense, the court will deny that motion at this time. Instead, the court will give defendants an opportunity to clarify whether they wish to pursue their exhaustion defense at a hearing under *Pavey v. Conley*, 528 F.3d 494, 496-98 (7th Cir. 2008).

OPINION

I.    **Exhaustion of Administrative Remedies**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison

1

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the [jail's] administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the jail administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, *defendants* bear the burden of establishing that plaintiff failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust administrative remedies at the Rock County Jail, prisoners must follow the inmate complaint review process set forth in the jail rule book. The Rock County Jail Inmate Grievance Procedure requires inmates to submit a written grievance within 15 days of an alleged violation of their rights by jail staff. (Dkt. #40-1.) If a grievance concerns medical care, it is forwarded to the on-duty, jail nurse for review. (Dkt. #40-2.) The nurse may attempt to resolve the issue, or may refer the grievance to the responsible

physician or other authority. If the nurse determines that the grievance is not valid or is minor in nature, the inmate has 5 days to request review by the responsible physician. The responsible physician's decision is final. (*Id.*)

Inmates are informed that Rock County Jail has grievance procedures. Inmates may review the grievance procedures through the jail's "kiosk system," which is available in every housing unit. The kiosk system and grievance procedures were available for review during the time in which Anderson was held at the jail.

## II. Anderson's Claims

Anderson is proceeding on claims that defendants failed to refill his prescriptions for Seroquel and Prazosin when he was being held at the Rock County Jail between January 11, 2013, and February 5, 2013. He alleges that as a result of not having his medications, he suffered a "massive panic attack" with visual hallucinations and suicidal ideation.

Anderson concedes that, prior to filing suit, he did not file any grievances regarding defendants' refusal to refill prescription medications or any other medical treatment he received at the Rock County Jail. He argues, however, that the reason he did not submit any grievances regarding his medications is because he "was told by multiple members of the jail staff . . . that medical issues could NOT be griev[ed]." (Pl.'s Br., dkt. #42 at 2.)[1]

---

[1] Defendants argue that summary judgment is appropriate in part because Anderson did not submit an affidavit or declaration supporting his contention that jail staff told him that he could not grieve medical care issues. However, Anderson stated in his initial pleading that he "[w]as told by jail staff, that medical issues were exempt from the grievance process." (Dkt. #1.) Because Anderson's complaint was "verified," meaning that he swore under penalty of perjury that the facts contained therein are true, it is admissible evidence in the context of a motion for summary judgment, so long as he has personal knowledge of the statements contained therein. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013).

3

Anderson further alleges that, given the passage of time, he does not remember which jail staff told him that he could not file grievances about medical care issues.

Prisoners are required to comply only with those grievance procedures that are "available." 42 U.S.C. § 1997e(a). "An administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011). *See also Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (grievance process "unavailable" if "prison administrators thwart inmates from taking advantage of a grievance process through machination, *misrepresentation*, or intimidation") (emphasis added). Thus, if jail staff actually told Anderson that he could not use the grievance procedures to file a medical care claim, the procedures were not "available" to him, and he did not need to exhaust his administrative remedies.

Here, defendants point to several reasons why they believe that Anderson's allegations regarding instructions from jail staff are not credible, including that: (1) Anderson cannot identify any particular person who gave him the misinformation; (2) the grievance procedures were well-established and easily accessible; and (3) Anderson knew how to access the grievance procedures, as evidenced by his submission of grievances about other issues. However, the court cannot resolve this dispute on a motion for summary judgment. Rather, under *Pavey v. Conley*, 528 F.3d 494, 496-98 (7th Cir. 2008), the court would need to hold a hearing to resolve factual disputes relevant to exhaustion. If, after such hearing, the court determined that Anderson exhausted his administrative remedies,

the case would proceed on the merits. If, however, the court found that he did not exhaust, the case would be dismissed without prejudice. *See Fluker v. County of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013) (dismissals for failure to exhaust are always without prejudice, "even if exhausting administrative remedies will prove to be impossible") (citing *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)).

Here, defendants did not expressly request a hearing, but the court will give them an opportunity to do so. In considering whether defendants wish to pursue their exhaustion defense further, defendants may wish to consider that because Anderson appears to be no longer in custody, the requirements of the PLRA would not apply to him if he chose to immediately refile this lawsuit. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (PLRA did not apply to former prisoner filing suit after his release); *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) ("[T]he status of the plaintiff at the time he brings his suit" determines whether the plaintiff is a prisoner subject to the PLRA's exhaustion requirements). Thus, even if this case was dismissed for failure to exhaust, Anderson would be able to refile his lawsuit without the need to exhaust his administrative remedies. *See Miniz v. Pazera*, 2007 WL 4233455, *4 (N.D. Ind. 2007) ("Even if a prisoner has a case dismissed for failure to exhaust available administrative remedies, they can refile the exact same complaint once they are released from prison without having to satisfy the exhaustion requirement.") Further, because the events at issue occurred in 2013, Anderson's claims would not be barred by the applicable statute of limitations. *See Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010) (in Wisconsin, statute of

limitations for constitutional claims is usually six years).

That being said, in this case, because Anderson was incarcerated at the time he filed suit, he is subject to the PLRA and defendants are entitled to assert an exhaustion defense. They should promptly notify the court whether they wish to pursue their exhaustion defense further at a hearing.

ORDER

IT IS ORDERED that:

(1) Defendants' motion for summary judgment for plaintiff's failure to exhaust his administrative remedies (dkt. #33), is DENIED.

(2) Defendants may have until July 25, 2017, to notify the court whether they wish to pursue their exhaustion defense further at a hearing under *Pavey v. Conley*, 528 F.3d 494 (7th Cir. 2008).

Entered this 18th day of July, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge